UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEADARROW S.A.,

                Plaintiff,

   - against -

TRANS ATLAS MARITIME LTD.
a/k/a T.A.M. TRANS ATLAS MARITIME LTD., and
ALYA SHIPPING AND CHARTERING LTD.,

                Defendants.
------------------------------------------------------------X

Judge Pauley

**08 CV 0549**

08 Civ. _____

ECF CASE



JAN 22 2008
U.S.D.C. S.D.N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, LEADARROW S.A., (hereinafter "Plaintiff") by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendants, TRANS ATLAS MARITIME LTD. a/k/a T.A.M. TRANS ATLAS MARITIME LTD. ("TAM") and ALYA SHIPPING AND CHARTERING LTD.("ALYA") (hereinafter collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*, and this Court's federal question jurisdiction, 28 United States Code § 1331.

2.    At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under the laws of Panama and was at all material times the disponent Owner of the motor vessel "DJEBEL REFAA" (hereinafter the "Vessel").

3. Upon information and belief, Defendants were, and still are foreign corporations, or other business entities organized and existing under foreign law.

4. Pursuant to a charter party dated August 2, 2007 Plaintiff time chartered the Vessel to Defendant TAM

5. During the course of the charter, TAM failed to pay Plaintiff hire due and owing under the charter party contract.

6. As a result of TAM's breach of the charter party contract, Plaintiff withdrew the Vessel and suffered damages for unpaid hire in the principle amount of $36,824.33, as best as can now be estimated, exclusive of interest, attorney's fees and arbitration costs. *See invoice annexed hereto as Exhibit "1."*

7. In addition, TAM failed to pay for bunkers (fuel oil) supplied to the Vessel during the course of the charter, which were for TAM's account under the charter party.

8. As a result, the bunker purveyors, non-party Dan Bunkering, proceeded to demand payment for the bunkers provided to the Vessel from the Plaintiff, as the Vessel's Owner.

9. Despite the fact that pursuant to the terms of the charter party TAM is liable for the bunkers provided to the Vessel, the bunker purveyors elected to assert their claim in the first instance against the Vessel and Plaintiff as owner of the Vessel, as is its right.

10. Reserving all of its rights, Plaintiff paid the bunker purveyors claim for the cost of bunkers remaining on board at the time of withdrawal of the vessel in the amount of $34,269.20, for which TAM is liable under the charter party, in order to avoid the arrest and/or attachment of its assets or further action by the bunker purveyors.

11. Plaintiff is entitled to indemnity from TAM in respect of the amounts paid to the bunker purveyors, for which TAM is wholly or substantially liable under the provisions of the charter party.

12. As a result of the claim asserted by and paid to the bunker purveyors, for which TAM is wholly or substantially liable under the charter party, Plaintiff has incurred losses in the approximate amount of $34,269.20, as best as can now be estimated, exclusive of interest, attorney's fees and arbitration costs.

13. Pursuant to the charter party contract, all disputes between the parties are to be referred to arbitration in London.

14. TAM has failed to pay and/or provide security for the amounts due and owing under the charter party.

15. As a result, Plaintiff is preparing to commence arbitration on its claims.

16. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration, pursuant to English law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:

    A.    Principal claim:
           Outstanding hire:                          $36,824.33
            Bunkers provided to Vessel before withdrawal:    $34,269.20

    B.    Interest on claims:                                 $16,453.84
            3 years at 7%, compounded quarterly

    C.    Estimated recoverable arbitration costs/expenses:    $ 5,000.00

    D.    Estimated Attorneys' fees                      $ 15,000.00

Total                                                                         $107,547.37

17. Upon information and belief, Defendant ALYA acts as Defendant TAM's broker

or agent such that ALYA is now, or will soon be, holding assets belonging to TAM, or vice versa.

18. Upon information and belief, ALYA is TAM's sole broker and has fixed four ships over the years to Defendant TAM.

19. Upon information and belief, Defendant TAM is under-capitalized.

20. In the alternative, Defendants are affiliated companies such that ALYA is now, or will soon be, holding assets belonging to TAM, or vice versa.

21. In the further alternative, Defendants are partners and/or joint venturers such that ALYA is now, or will soon be, holding assets belonging to TAM, or vice versa.

22. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendants.

23. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendants to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 et seq.;

C. That pursuant to 9 U.S.C. §§ 201. et seq. this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

D. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendants, in the amount $107,547.37 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

E. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

F. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

G. That this Court award Plaintiff its attorney's fees and costs of this action; and

H.    That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: January 22, 2008
       Southport, CT

The Plaintiff,
LEADARROW S.A.,

By: _____
Kevin J. Lennon
Nancy R. Peterson
Patrick F. Lennon
LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
nrp@lenmur.com
pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )  ss.:  Town of Southport
County of Fairfield   )

1. My name is Kevin J. Lennon

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   January 22, 2008
         Southport, CT

                                        _____
                                        Kevin J. Lennon

Exhibit "1"

Case 1:08-cv-00549-WHP    Document 1    Filed 01/22/2008    Page 8 of 9

Exhibit "1"

# LEADARROW S.A.

Panama City - Republic of Panama

1259

| Messrs.: | T.A.M (Trans Atlas Maritime Ltd.) Belize | **COMMERCIAL INVOICE** |
| --- | --- | --- |
| | c/o Stemar Chartering and Brokering | |
| | Istanbul, Turkey | Invoice No.   DR / 03 / 07 |
| | | Invoice Date   Nov 27th 2007 |
| Fixture Code: | BC\001\DR\07\01\T | |

| DESCRIPTION | TOTAL PRICE US$ |
| --- | --- |

MV "Djebel Refaa" - 2nd Hire and Account Balance                                    128,272.15

| From | 09/12/2007 06:50 GMT |
| --- | --- |
| To | 10/02/2007 18:05 GMT |
| No. of Days | 35.38542 |
| Rate/Day | US $3,625.00 |

Bank Interest of 8% APR to be applicable until time of receipt of funds.

| Victualling | US $850.00 | Per Month Pro Rata | 35.38542 Days | 1,002.59 |
| --- | --- | --- | --- | --- |
| ILOHC to be paid on re-delivery | | | | 1,200.00 |
| ILHC (crew cleaned cargo holds after Constanta - Bejaia Trip) | | | US $300 Per Hold | 600.00 |
| Less Address Commission | | 2.50% | 35.38542 Days | -3,206.80 |
| Brokerage Commission | | 1.25% | 35.38542 Days | -1,603.40 |
| Less 1st Hire Paid | Period Between | 08/28/2007 08:50 GMT - 09/12/2007 08:50 GMT | | -54,375.00 |
| Bunkers Onboard | Fuel Type | Quantity MT | Est. Prices Per/MT | |
| on Termination | IFO 80cst | 43.0 MT | $478.00 | -20,554.00 |
| of the Charter | MDO | 19.4 MT | $748.00 | -14,511.20 |

| US Dollars Thirty Six Thousand Eight Hundred Twenty Four and 33/100 Only | $36,824.33 |
| --- | --- |

Kindly transfer the amount to the following Account:

Corresponding Bank : JP Morgan Chase, New York
Bank              : The Housing Bank for Trade & Finance
                  : Bahrain Branch, Manama
                  : Kingdom of Bahrain
Swift             : HBHOBHBM
Beneficiary       : LeadArrow S.A.
Account No.       : 501/22068/2/3000/0

LeadArrow S.A.